LOTTINGER, Judge.
This is a suit by Nelson Johnson, as petitioner against Travelers Insurance Company, as compensation insurer, for total disability benefits under the Louisiana Workmen’s Compensation Law for injuries and disability allegedly received by petitioner while working for B. B. Tyler Company, Inc. The Lower Court rendered judgment in favor of petitioner and against defendant for compensation at the rate of Thirty-five and No/100 ($35.00) Dollars per week for the period of December 30, 1960 (the date of last payment) to May 15, 1961. The petitioner has taken this appeal.
The petition alleges that petitioner received an injury on July 23, 1960 while working for B. B. Tyler Company, Inc. near Patterson, in the Parish of St. Mary, Louisiana. He alleges that while loading crossties on a truck he slipped and fell to the ground and the crosstie fell on him. As a result of which he sustained the following injuries: (a) lumbosacral strain, (b) bilateral direct inguinal hernia, (c) injury to the back and (d) traumatic neurosis, conversion hysteria and other functional disorders. The Lower Court held that the evidence substantiated the fact that petitioner had an accident from which he received disabling injuries but held that he was able to return to work on May 15, 1961, and rendered judgment allowing him compensation from December 30, 1960 until such time. Petitioner appeals alleging he is totally and permanently disabled as a rc- *533 suit of the traumatic neurosis which resulted from the accident, and, of course, claims total and permanent disability. The main contention on appeal is the question of traumatic neurosis.
It is interesting to note that this suit was filed on October 27, 1961, and although petitioner claims that he suffered traumatic neurosis in his petition, this condition was not medically diagnosed until five (S) months after he filed this suit, and some twenty-one (21) months after the alleged accident. Dr. Clayton B. Edisen, Psychiatrist, testified that he first saw the petitioner on March 26, 1962. The petitioner was sent to Dr. Edisen by Dr. A. R. Corne, his general physician, who had treated petitioner for a hernia and backache which he bad sustained as a result of the accident. Dr. Edisen found that petitioner had a typical case of traumatic neurosis which is a mental condition which produces depression. He attributed the condition to Johnson’s injury, however the doctor stated that the onset of such a condition was not necessarily caused by trauma, that it could be caused by such factors as the death of a loved one, the loss of a girl friend, etc. Dr. Edisen testified that the injuries rendered petitioner totally incapable of work. He prescribed a medication known as par-mate which is a drug which elevates the mood of one who is mentally depressed.
Dr. Edisen next saw petitioner on January 31, 1963. At this time he found plaintiff much better and assumed the improvement resulted from the drug prescribed, however, he still found petitioner not capable of work. The third and last visit by petitioner to Dr. Edisen was on April 27, 1963 at which time the doctor found Johnson’s condition had deteriorated. He concluded the setback was due to the fact Johnson had quit taking the drug because he could no longer afford to buy it. Dr. Edisen testified that Johnson’s only chance of ever being able to go back to work was to receive psychiatric and rehabilitation treatments over a period of time, and, lacking this, petitioner would never be able to return to work.
Petitioner was also examined by Dr. Marvin Miller, a psychiatrist, on January 28, 1963 and April 27, 1963. The January examination was three days before Dr. Edisen’s second examination and the April examination was the same day Dr. Edisen last saw petitioner. Dr. Miller’s findings were substantially the same as Dr. Edisen’s.
The record shows without any question whatsoever that for the period from May 15, 1961 until July 15, 1961 and then again from May 1, 1962 through October 31, 1962 the petitioner worked for the Fish Meal Company at Morgan City, Louisiana. During these periods he worked twelve hours per day, mostly at night. His primary duty was the driving of a tractor with a blade resembling that of a bull dozer. His job was to push fish meal into a conveyor belt in the floor, and to keep the meal from caking up. When the meal caked he had to break up the clumps with a fork. The record indicates that when petitioner was not operating the tractor, he assisted in the loading of fish meal sacks onto barges. These sacks weigh one hundred (100) pounds, and Mr. Gerald Broussard, the assistant superintendent of the Fish Meal plant, testified definitely that petitioner had assisted in the loading of sacks onto barges during the period he worked at the Fish Meal plant in 1962.
Both Dr. Edisen and Dr. Miller were not aware of the fact that the petitioner had worked at the Fish Meal plant. They based their opinions and findings on the history which had been given them by petitioner, and petitioner had not told them that he had performed this type of work since the date of his accident. He told them that he had tried to work but was unable to do so.
The driving of the tractor at the Fish Meal plant was considered manual labor. Mr. Broussard testified that it was necessary for the driver to work the clutch, shift it and turn the wheel, it required manual strength. On July 15, 1961 petitioner quit *534 working for the Fish Meal plant because the odor was unbearable. However during the year 1962 he worked for the full period of operation of the plant.
There is also testimony in the record that the petitioner assisted his attorneys in the preparation in this case for trial by taking trips from his home in St. Martinville to Morgan City to speak with prospective witnesses. This, together with the fact that the petitioner had performed work as stated above, led the Lower Court to the conclusion that petitioner had failed to prove that he suffered from traumatic neurosis. We certainly do not feel that the Lower Court erred in this conclusion. The Lower Court was personally faced with the witnesses who testified upon trial of this matter and we feel that, added to the factors which we have mentioned above, the Judge of the Lower Court considered the actions and demeanor of the petitioner himself while on the witness stand and during the trial of the matter in reaching his conclusion that petitioner was not suffering from traumatic neurosis. In the case of Mouton v. Travelers Insurance Company, La.App., 135 So.2d 287, the Court said:
“The cases make it very clear that this neurosis theory, being very vague and nebulous, must be handled with a tremendous amount of caution.”
The only other question presented upon this appeal was the refusal of the Lower Court to allow penalties and attorney fees provided by LSA-R.S. 22:658 because, as petitioner claims, the refusal of the defendant company to pay Johnson the compensation due him was arbitrary and capricious. The Lower Court held that as no demand for the penalties and attorney fees were made in the petition, such was not at issue on trial, therefore the Lower Court was correct in its decision on this point, as no. demand for penalties and attorney fees were made in the petition, the issue was not before the Court and there is no authority for allowing the claim when a demand therefore is not made.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.